**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| ROBERT A. HUBER, | ) | |
|          Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.:_____ |
| | ) | |
| THE CITY OF HOBART, ADAM | ) | |
| AHMAD, ADRIAN BUSTOS, | ) | |
| 1st SERGEANT CORPORAL P. | ) | |
| OLIVER, OFFICER KEVIN | ) | |
| GARBER, RICHARD ZORMIER, | ) | |
| AND THE HOBART POLICE | ) | |
| DEPARTMENT, ET AL, | ) | |
|          Defendants. | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, Robert A. Huber, by and through his attorneys, John Mark Vouga and Jason M. Denny, and hereby complains against Defendants and requests a trial by jury as follows:

### <u>INTRODUCTION AND STATEMENT OF FACTS</u>

1.     This is a civil rights action brought by Plaintiff, Robert A. Huber (hereinafter "Mr. Huber" or "Plaintiff"), seeking relief, pursuant to 42 U.S.C. §§1983 and 1988, for the Defendants' violations of his constitutional rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2.     On October 17, 2017, the Defendant was sleeping in the passenger seat of his friend's vehicle outside of 236 Main Street (hereinafter "Cagney's Bar").

3.     On said date, Adam Ahmed (hereinafter "Ofc. Ahmed") an officer employed with the Hobart Police Department, began striking the window of the car and identifying himself as a Hobart Police Officer, and ordering Mr. Huber to exit the vehicle.

1

4.      While Ofc. Ahmed was striking the window of the car, Mr. Huber's friend, Tom Williams (hereinafter "Mr. Williams"), exited Cagney's Bar and observed Ofc. Ahmad and Hobart Police Officer Adrian Bustos (hereinafter "Ofc. Bustos") harassing Mr. Huber.

5.      Both Ofc. Ahmad and Ofc. Bustos were verbally identifying themselves as Hobart Police Officers and demanding that Mr. Huber exit his vehicle.

6.      Ahmad repeatedly screamed "Get the fuck out of the car!" and "I'm a fucking Hobart Police Officer!"

7.      Upon observing Ofc. Ahmad and Ofc. Bustos harassing Mr. Huber, Mr. Williams called 911 twice for assistance.

8.      Ofc. Ahmad opened the passenger door and Ofc. Ahmed ripped Mr. Huber from the vehicle and began beating him by repeatedly violently striking Mr. Huber to the back of his head.

9.      The strikes to the back of Mr. Huber's head resulted in Mr. Huber's face to be smashed and dragged on the gravel parking lot floor causing a large gash under his right eye.

10.      Ofc. Bustos stood by as Ofc. Ahmad beat Mr. Huber, and told witnesses including Mr. Williams and Carmen Monchilovich to stay away.

11.      Ofc. Ahmad and Ofc. Bustos were both intoxicated, and both admitted to consuming alcohol prior to the beating.

12.      Subsequently, 1st Sergeant Corporal P. Oliver (hereinafter "Sgt. Oliver") and Officer Kevin Garber (hereinafter "Ofc. Garber") arrived on scene due to Mr. Williams' calls to 911.

13.      Ofc. Ahmad, Ofc. Bustos, Stg. Oliver and Ofc. Garber conspired to cover-up the beating administered by Ofc. Ahmad, and also to falsely charge Mr. Huber with Battery,

2

Disorderly Conduct, and Public Intoxication under cause number 45H05-1710-CM-001393, captioned "State of Indiana vs. Robert Huber."

14.     Said charges against Mr. Huber were dismissed twenty-three (23) days later on November 9, 2017.

15.     The unlawful and unconstitutional actions of the Defendants set forth herein were the result of the failure of the City of Hobart and its Hobart Police Department to adequately train, supervise, and/or discipline its officers, including Defendants Ahmad, Bustos, Oliver, and Garber. This systematic failure to train, supervise, and discipline its officers is the consequence of the deliberately indifferent policies, practices, procedures, habits, and customs of the City of Hobart and its Hobart Police Department. These deliberately indifferent policies, practices, procedures, habits, and customs are responsible, at least in part, for the unconstitutional, malicious, retaliatory, intentional, negligent, and unconstitutional acts of the Defendants herein.

16.     At all times relevant herein, Defendant City of Hobart, through its Hobart Police Department, developed, implemented, encouraged, and sanctioned de facto policies, practices, customs, and habits exhibiting deliberate indifference to the constitutional rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, which caused the violation of Mr. Huber's constitutional rights herein.

17.     The constitutional rights violations herein, by the Defendant City of Hobart and its Hobart Police Department, were directly and proximately caused by the policies, practices, customs, and habits that were developed, implemented, encouraged, and sanctioned by Defendant City of Hobart and its Hobart Police Department including the failure:

    A.  to adequately train and supervise its officers and/or other agents including the

Defendants herein;

B. to adequately monitor, discipline, and/or sanction its officers including the Defendants herein, thereby failing to discourage further and ongoing constitutional rights violations on the part of its officers and other agents; and

C. to adequately investigate, record, and respond to citizen complaints of its officers' misconduct and ongoing constitutional rights violations; rather, such misconduct and constitutional rights violations were tolerated and/or encouraged by Defendant City of Hobart and its Hobart Police Department.

18. Defendants' unlawful actions were done willfully, knowingly, intentionally, maliciously, and with deliberate indifference to the constitutional rights of Mr. Huber under the Fourth and Fourteenth Amendments to the U.S. Constitution.

19. As a direct and proximate result of the Defendants' deliberately indifferent acts stated herein, Mr. Huber's constitutional rights have been violated which has caused Mr. Huber to suffer physical, mental and emotional injury and pain, mental anguish, and permanent scarring, loss of function, as well as other economic losses.

20. Mr. Huber has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, and/or habits which have directly and proximately caused the constitutional violations and abuses set forth herein.

## **JURISDICTION AND VENUE**

21. This action seeks to vindicate Plaintiff's rights under the Constitution and laws of the United States to be free from unreasonable seizure and the use of retaliatory, excessive force

4

and is brought pursuant to 42 U.S.C. §§1983 and 1988. Jurisdiction is conferred upon this court by 28 U.S.C. §§1331 and 1343, as this action seeks redress for violations of Plaintiff's constitutional rights.

22.     Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

23.     Venue is proper to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. §1391(b) and (c), as the judicial district in which all relevant events and omissions occurred, and in which at least one of the Defendants maintains an office and resides.

## JURY DEMAND

24.     Plaintiff demands a trial by jury in this action on each and every one of his claims.

## PARTIES

25.     At all times relevant hereto, Plaintiff Robert A. Huber, was a resident of the State of Indiana and a citizen of the United States of America.

26.     At all times relevant hereto, Defendant Adam Ahmad was a resident of the State of Indiana, was a citizen of the United States of America, and was acting under the color of state law in his capacity as a law enforcement officer employed by the Defendant City of Hobart and the Hobart Police Department. Defendant Ahmad is sued in his individual and official capacities.

27.     At all times relevant hereto, Defendant Adrian Bustos was a resident of the State of Indiana, was a citizen of the United States of America, and was acting under the color of state law in his capacity as a law enforcement officer employed by the Defendant City of Hobart and the Hobart Police Department. Defendant Bustos is sued in his individual and official capacities.

28.    At all times relevant hereto, Defendant P. Oliver was a resident of the State of Indiana, was a citizen of the United States of America, and was acting under the color of state law in his capacity as a law enforcement officer employed by the Defendant City of Hobart and the Hobart Police Department. Defendant Oliver is sued in his individual and official capacities.

29.    At all times relevant hereto, Defendant Kevin Garber was a resident of the State of Indiana, was a citizen of the United States of America, and was acting under the color of state law in his capacity as a law enforcement officer employed by the Defendant City of Hobart and the Hobart Police Department. Defendant Garber is sued in his individual and official capacities.

30.    At all times relevant hereto, Defendant Richard Zormier was a resident of the State of Indiana, was a citizen of the United States of America, and was acting under the color of state law in his capacity as a law enforcement officer employed by the Defendant City of Hobart and the Hobart Police Department with the rank of Chief. On information and belief, Defendant Zormier exercised and delegated his final municipal decision-making power to Defendants Ahmad, Bustos, Oliver, Garber, and others. Defendant Zormier also supervised and/or trained Defendants Ahmad, Bustos, Oliver, and Garber. Defendant Zormier is sued in his official capacity as Chief of the Hobart Police Department, employed by the City of Hobart and the Hobart Police Department, and was acting under the color of state law.

31.    Defendant City of Hobart ("Defendant City") is a municipality authorized under the laws of the State of Indiana to maintain a police department, the Hobart Police Department, which acts as its agent in the area of law enforcement and for which it bears ultimate responsibility. Defendant City assumes the risks incidental to the maintenance of a police department and the employment of police officers within the police department.

6

32.    At all times relevant hereto, Defendant City and its Hobart Police Department hired, employed, trained, supervised, and controlled the Defendants individually named herein.

33.    Defendant City and Defendant Zormier are properly sued directly under 42 U.S.C. §1983 for their own and delegated deliberately indifferent, unconstitutional decisions, policies, practices, habits, customs, usages, training, supervision, ratification, and intentional failures which resulted in the constitutional rights violations complained of herein.

34.    Defendant City is also properly sued under 42 U.S.C. §1983 for the delegated, municipal final decisions of Defendant Zormier, in his official capacity as Chief of the Hobart Police Department, and any delegated final decision makers with respect to the deliberately indifferent unconstitutional decisions, policies, practices, habits, customs, usages, training, supervision, ratification, and intentional failures which resulted in the constitutional rights violations complained of herein.

## COUNT I

**42 U.S.C. §1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments by Plaintiff against Defendants Ahmad and Bustos**

35. Plaintiff hereby incorporates, repeats, and realleges paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. At all times relevant hereto, Plaintiff had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in his person from unreasonable seizure through the use of excessive force.

37. Plaintiff's rights under the Fourth and Fourteenth Amendment are enforceable pursuant to 42 U.S.C. §1983.

7

38. Plaintiff in this action is a citizen of the United States and all Defendants to this claim are persons for purposes of 42 U.S.C. §1983.

39. At all times relevant hereto, all Defendants to this claim were acting under the color of state law in their capacity as Hobart police officers and their acts or omissions were conducted within the scope of their official duties or employment.

40. At all times relevant hereto, any reasonable police officer knew or should have known of the foregoing constitutional rights as such rights were clearly established at that time.

41. Defendants Ahmad and Bustos unlawfully seized Plaintiff by means of objectively unreasonable, excessive physical force, thereby depriving Plaintiff of his right to be free from unreasonable seizure through the use of excessive force established under the Fourth and Fourteenth Amendments.

42. Defendants Ahmad and Bustos all failed to take reasonable steps to protect Plaintiff from the objectively unreasonable, excessive physical force of other Defendant Officers despite being in a position to do so. Thus, each of the Defendants hereto are liable for the injuries and damages resulting from the objectively unreasonable and excessive force of each other officer.

43. Defendants engaged in the conduct described herein willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments.

44. The acts or omissions of all Defendants hereto were direct and proximate causes of Plaintiff's injuries.

45. All Defendants hereto acted in concert, joint action, or collusion with each other in depriving, or allowing the deprivation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

46. The Defendants hereto are not entitled to qualified immunity for the conduct complained of herein.

47. At all times relevant hereto, the Defendants were acting pursuant to the de facto policies, procedures, customs, practices, and habits of the City of Hobart and its Hobart Police Department.

48. As a direct and proximate result of the Defendants' unlawful actions and/or omissions, Plaintiff has suffered and will continue to suffer actual physical and emotional injuries, permanent disfigurement, pain and suffering, humiliation, embarrassment, and other damages and losses described herein entitling him to compensatory and special damages, in amounts to be determined at trial. Additionally, as a direct and proximate result of the Defendants' unlawful actions and/or omissions, Plaintiff has incurred special damages, including medical expenses, and may continue to incur further medical expenses and special damages in amounts to be determined at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, prejudgment interest, and costs as allowable under federal law.

49. In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against each of the named Defendants under 42 U.S.C. §1983, because the actions and/or omissions of each of the Defendants named herein were performed maliciously, willfully, or with reckless disregard for Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff prays that this Court enter judgment for the Plaintiff against each of the Defendants herein and grant relief as follows:

A.  A declaration that Defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

B.  An injunction enjoining Defendants from engaging in conduct to unlawfully employ excessive force, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution;

C.  Award Plaintiff compensatory and consequential damages, including damages for permanent disfigurement, emotional distress, humiliation, loss of enjoyment of life, and pain and suffering on all claims allowed by law in an amount to be determined at trial or otherwise;

D.  Award Plaintiff economic losses on all claims permitted by law;

E.  Award Plaintiff special damages in an amount to be determined at trial or otherwise;

F.  Award Plaintiff punitive damages on all claims as permitted by law against individual Defendants and in an amount to be determined at trial or otherwise;

G.  Award Plaintiff attorneys' fees and the costs associated with this action, including expert witness fees, as permitted by law pursuant to 42 U.S.C. §§1920 and 1988;

H.  Award Plaintiff pre- and post-judgment interest as permitted by law; and

I.  Award any and all further relief as this Court deems appropriate and equitable, including injunctive and injunctive and declaratory relief as may be required in the interests of justice.

10

## COUNT II

**42 U.S.C. §1983 – Unlawful entry and seizure in violation of the Fourth and Fourteenth Amendments by Plaintiff against Defendants Ahmad and Bustos.**

50. Plaintiff hereby incorporates, repeats, and realleges paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. At all times relevant hereto, Plaintiff had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in his person from unreasonable seizure through the warrantless, unjustified, and forcible entry into his home.

52. Plaintiff's rights under the Fourth and Fourteenth Amendment are enforceable pursuant to 42 U.S.C. §1983.

53. Plaintiff in this action is a citizen of the United States and all Defendants to this claim are persons for purposes of 42 U.S.C. §1983.

54. At all times relevant hereto, all Defendants to this claim were acting under the color of state law in their capacity as Portage police officers and their acts or omissions were conducted within the scope of their official duties or employment.

55. At all times relevant hereto, any reasonable police officer knew or should have known of the foregoing constitutional rights as such rights were clearly established at that time.

56. Defendants Ahmad and Bustos unlawfully seized Plaintiff by unlawfully forcing entry into a legally parked vehicle without a warrant or justification, thereby depriving Plaintiff of his right to be free from unreasonable seizure through the use of excessive force established under the Fourth and Fourteenth Amendments.

57. Defendants Ahmad and Bustos all failed to take reasonable steps to protect Plaintiff from the objectively unreasonable, unjustified, and warrantless forcible entry of the vehicle. Thus,

11

each of the Defendants hereto are liable for the injuries and damages resulting from the objectively unreasonable and warrantless seizure by each other officer.

58. Defendants engaged in the conduct described herein willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments.

59. All Defendants hereto acted in concert, joint action, or collusion with each other in depriving, or allowing the deprivation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

60. The Defendants hereto are not entitled to qualified immunity for the conduct complained of herein.

61. At all times relevant hereto, the Defendants were acting pursuant to the de facto policies, procedures, customs, practices, and habits of the City of Hobart and its Hobart Police Department.

62. As a direct and proximate result of the Defendants' unlawful actions and/or omissions, Plaintiff has suffered and will continue to suffer actual physical and emotional injuries, permanent disfigurement, pain and suffering, humiliation, embarrassment, and other damages and losses described herein entitling him to compensatory and special damages, in amounts to be determined at trial. Additionally, as a direct and proximate result of the Defendants' unlawful actions and/or omissions, Plaintiff has incurred special damages, including medical expenses, and may continue to incur further medical expenses and special damages in amounts to be determined at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest, and costs as allowable under federal law.

63. In addition to compensatory, economic, consequential, and special damages,

Plaintiff is entitled to punitive damages against each of the named Defendants under 42

U.S.C. §1983, because the actions and/or omissions of each of the Defendants named herein

were performed maliciously, willfully, or with reckless disregard for Plaintiff's constitutional

rights under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff prays that this Court enter judgment for the Plaintiff against

each of the Defendants herein and grant relief as follows:

A.     A declaration that Defendants' conduct violated Plaintiff's rights under the Fourth

and Fourteenth Amendments to the U.S. Constitution in the manners alleged

herein, upon consideration of the evidence adduced at trial or otherwise;

B.     An injunction enjoining Defendants from engaging in conduct to unlawfully force

entry into homes without a warrant or other justification, in violation of the

Fourth and Fourteenth Amendments to the U.S. Constitution;

C.     Award Plaintiff compensatory and consequential damages, including damages for

permanent disfigurement, partial loss of function of his left arm, emotional

distress, humiliation, loss of enjoyment of life, and pain and suffering on all

claims allowed by law in an amount to be determined at trial or otherwise;

D.     Award Plaintiff economic losses on all claims permitted by law;

E.     Award Plaintiff special damages in an amount to be determined at trial or

otherwise;

F.     Award Plaintiff punitive damages on all claims as permitted by law against

individual Defendants and in an amount to be determined at trial or otherwise;

G.    Award Plaintiff attorneys' fees and the costs associated with this action, including

expert witness fees, as permitted by law pursuant to 42 U.S.C. §§1920 and 1988;

H.    Award Plaintiff pre- and post-judgment interest as permitted by law; and

I.    Award any and all further relief as this Court deems appropriate and equitable,

including injunctive and injunctive and declaratory relief as may be required in

the interests of justice.

## COUNT III

**42 U.S.C. §1983 – Unlawful seizure and arrest in violation of the Fourth and Fourteenth Amendments by Plaintiff against Defendants Oliver and Garber.**

64. Plaintiff hereby incorporates, repeats, and realleges paragraphs 1 through 63 of this

Complaint as if fully set forth herein.

65. At all times relevant hereto, Plaintiff had a clearly established constitutional right under the

Fourth and Fourteenth Amendments to be secure in his person from unreasonable seizure

through a warrantless, unjustified arrest without cause or justification.

66. Plaintiff's rights under the Fourth and Fourteenth Amendment are enforceable pursuant to 42

U.S.C. §1983.

67. Plaintiff in this action is a citizen of the United States and all Defendants to this claim are

persons for purposes of 42 U.S.C. §1983.

68. At all times relevant hereto, all Defendants to this claim were acting under the color of state

law in their capacity as Hobart police officers and their acts or omissions were conducted

within the scope of their official duties or employment.

69. At all times relevant hereto, any reasonable police officer knew or should have known of the

foregoing constitutional rights as such rights were clearly established at that time.

14

70. Defendants Oliver and Garber unlawfully seized Plaintiff by unlawfully arresting him without either a warrant or probable cause, thereby depriving Plaintiff of his right to be free from unreasonable seizure established under the Fourth and Fourteenth Amendments.

71. Defendants Oliver and Garber all failed to take reasonable steps to protect Plaintiff from the objectively unreasonable, unjustified, and warrantless forcible arrest by other Defendant Officers despite being in a position to do so. Thus, each of the Defendants hereto are liable for the injuries and damages resulting from the objectively unreasonable and warrantless seizure and false arrest by each other officer.

72. Defendants engaged in the conduct described herein willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments.

73. All Defendants hereto acted in concert, joint action, or collusion with each other in depriving, or allowing the deprivation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

74. The Defendants hereto are not entitled to qualified immunity for the conduct complained of herein.

75. At all times relevant hereto, the Defendants were acting pursuant to the de facto policies, procedures, customs, practices, and habits of the City of Hobart and its Hobart Police Department.

76. As a direct and proximate result of the Defendants' unlawful actions and/or omissions, Plaintiff has suffered and will continue to suffer emotional injuries, pain and suffering, humiliation, embarrassment, and other damages and losses described herein entitling him to compensatory and special damages, in amounts to be determined at trial. Additionally, as a

direct and proximate result of the Defendants' unlawful actions and/or omissions, Plaintiff has incurred special damages, including lost wages and attorney's fees, and may continue to incur further expenses and special damages in amounts to be determined at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest, and costs as allowable under federal law.

77. In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against each of the named Defendants under 42 U.S.C. §1983, because the actions and/or omissions of each of the Defendants named herein were performed maliciously, willfully, or with reckless disregard for Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff prays that this Court enter judgment for the Plaintiff against each of the Defendants herein and grant relief as follows:

A.    A declaration that Defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

B.    An injunction enjoining Defendants from engaging in conduct to unlawfully arrest people and hold them without cause and without a warrant or other justification, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution;

C.    Award Plaintiff compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and pain and suffering on all claims allowed by law in an amount to be determined at trial or otherwise;

D.    Award Plaintiff economic losses on all claims permitted by law;

16

E.    Award Plaintiff special damages in an amount to be determined at trial or

otherwise;

F.    Award Plaintiff punitive damages on all claims as permitted by law against

individual Defendants and in an amount to be determined at trial or otherwise;

G.    Award Plaintiff attorneys' fees and the costs associated with this action, including

expert witness fees, as permitted by law pursuant to 42 U.S.C. §§1920 and 1988;

H.    Award Plaintiff pre- and post-judgment interest as permitted by law; and

I.    Award any and all further relief as this Court deems appropriate and equitable,

including injunctive and injunctive and declaratory relief as may be required in

the interests of justice.

## COUNT IV

### 42 U.S.C. §1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments by Plaintiff against Defendants City of Hobart and Zormier

78. Plaintiff hereby incorporates, repeats, and realleges paragraphs 1 through 77 of this

Complaint as if fully set forth herein.

79. Plaintiff's rights under the Fourth and Fourteenth Amendment are enforceable pursuant to 42

U.S.C. §1983.

80. Plaintiff in this action is a citizen of the United States and all Defendants to this claim are

persons for purposes of 42 U.S.C. §1983.

81. At all times relevant hereto, Defendants to this claim were acting under the color of state law.

82. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free

from unreasonable seizure through the use of objectively unreasonable force under the

Fourth and Fourteenth Amendments.

83. At all times relevant hereto, Defendant City of Hobart and/or Defendant Zormier knew or should have known of the foregoing constitutional rights as such rights were clearly established at that time.

84. At all times relevant hereto, Defendant City of Portage and/or Defendant Zormier were policymakers for the City of Hobart and the Hobart Police Department and, in that capacity, established policies, practices, customs, and habits for the City of Hobart and its Hobart Police Department.

85. At all times relevant hereto, Defendant City of Hobart, through its Hobart Police Department, and Defendant Zormier developed, implemented, enforced, and encouraged de facto policies, practices, customs, and/or habits demonstrating deliberate indifference to Plaintiff's constitutional rights which directly and proximately caused the violation of said rights.

86. Defendants' unlawful actions and/or omissions described herein were done willfully, intentionally, knowingly, and with deliberate indifference to the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

87. The constitutional abuses and violations by the City of Hobart, through the actions and/or omissions of its Hobart Police Department and Defendants Zormier, Ahmad, Bustos, Oliver and Garber, were and are directly and proximately caused by policies, practices, customs, and/or habits developed, implemented, enforced, encouraged, and/or sanctioned by Defendant City of Hobart and Defendant Zormier including the failure:

    A. to properly and adequately train and supervise its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its officers and agents;

    B. to properly and adequately monitor and discipline its officers and agents, including the Defendants; and

    C. to properly and adequately investigate and respond to citizen complaints of police misconduct and constitutional violations by its officers and agents, and, instead, acts of misconduct by its officers and agents were tolerated by the City of Hobart through its Hobart Police Department.

88. On information and belief, Defendant City of Hobart, through its Hobart Police Department, and Defendant Zormier have developed, implemented, enforced, encouraged, and/or sanctioned a de facto policy, practice, custom, and/or habit of unlawfully employing objectively unreasonable and excessive force in the process of arresting individuals in violation of the Fourth and Fourteenth Amendments.

89. As a direct and proximate result of the Defendants' deliberate indifference to the constitutional rights of Plaintiff, Plaintiff has suffered and will continue to suffer actual physical and emotional injuries, permanent disfigurement, pain and suffering, humiliation, embarrassment, and other damages and losses described herein entitling him to compensatory and special damages, in amounts to be determined at trial. Additionally, as a direct and proximate result of the Defendants' unlawful actions and/or omissions, Plaintiff has incurred special damages, including medical expenses and other economic losses, and may continue to incur further medical expenses and special damages in amounts to be determined at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest, and costs as allowable under federal law.

90. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42

U.S.C. §1983 to redress Defendants' above described, ongoing deliberate indifference in policies, practices, customs, habits, training and supervision, monitoring and discipline, and/or investigation and response to citizen complaints with respect to the rights described herein, which Defendants have no intention of voluntarily correcting despite the obvious need and requests for such correction.

WHEREFORE, Plaintiff prays that this Court enter judgment for the Plaintiff against each of the Defendants herein and grant relief as follows:

A.  A declaration that Defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

B.  An injunction enjoining Defendants from engaging in conduct to unlawfully employ excessive force, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution;

C.  Award Plaintiff compensatory and consequential damages, including damages for permanent disfigurement, emotional distress, humiliation, loss of enjoyment of life, and pain and suffering on all claims allowed by law in an amount to be determined at trial or otherwise;

D.  Award Plaintiff economic losses on all claims permitted by law;

E.  Award Plaintiff special damages in an amount to be determined at trial or otherwise;

F.  Award Plaintiff punitive damages on all claims as permitted by law against individual Defendants and in an amount to be determined at trial or otherwise;

20

G.  Award Plaintiff attorneys' fees and the costs associated with this action, including

expert witness fees, as permitted by law pursuant to 42 U.S.C. §§1920 and 1988;

H.  Award Plaintiff pre- and post-judgment interest as permitted by law; and

I.  Award any and all further relief as this Court deems appropriate and equitable,

including injunctive and injunctive and declaratory relief as may be required in

the interests of justice.

## COUNT V

**42 U.S.C. §1983 – Unlawful entry and seizure in violation of the Fourth and Fourteenth Amendments by Plaintiff against Defendants City of Hobart and Zormier**

91. Plaintiff hereby incorporates, repeats, and realleges paragraphs 1 through 90 of this

Complaint as if fully set forth herein.

92. Plaintiff's rights under the Fourth and Fourteenth Amendment are enforceable pursuant to 42

U.S.C. §1983.

93. Plaintiff in this action is a citizen of the United States and all Defendants to this claim are

persons for purposes of 42 U.S.C. §1983.

94. At all times relevant hereto, Defendants to this claim were acting under the color of state law.

95. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free

from unreasonable seizure and the warrantless entry into his home for purpose of

effectuating an unreasonable seizure under the Fourth and Fourteenth Amendments.

96. At all times relevant hereto, Defendant City of Hobart and/or Defendant Zormier knew or

should have known of the foregoing constitutional rights as such rights were clearly

established at that time.

97. At all times relevant hereto, Defendant City of Hobart and/or Defendant Zormier were policymakers for the City of Hobart and the Hobart Police Department and, in that capacity, established policies, practices, customs, and habits for the City of Hobart and its Hobart Police Department.

98. At all times relevant hereto, Defendant City of Hobart, through its Hobart Police Department, and Defendant Zormier developed, implemented, enforced, and encouraged de facto policies, practices, customs, and/or habits demonstrating deliberate indifference to Plaintiff's constitutional rights which directly and proximately caused the violation of said rights.

99. Defendants' unlawful actions and/or omissions described herein were done willfully, intentionally, knowingly, and with deliberate indifference to the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

100.   The constitutional abuses and violations by the City of Hobart, through the actions and/or omissions of its Hobart Police Department and Defendants Zormier, Ahmad, Bustos, Oliver and Garber were and are directly and proximately caused by policies, practices, customs, and/or habits developed, implemented, enforced, encouraged, and/or sanctioned by Defendant City of Hobart and Defendant Zormier including the failure:

   A. to properly and adequately train and supervise its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its officers and agents;

   B. to properly and adequately monitor and discipline its officers and agents, including the Defendants; and

   C. to properly and adequately investigate and respond to citizen complaints of police misconduct and constitutional violations by its officers and agents, and, instead,

acts of misconduct by its officers and agents were tolerated by the City of Hobart through its Hobart Police Department.

101.   On information and belief, Defendant City of Hobart, through its Hobart Police Department, and Defendant Zormier have developed, implemented, enforced, encouraged, and/or sanctioned a de facto policy, practice, custom, and/or habit of unlawfully seizing and arresting individuals in violation of the Fourth and Fourteenth Amendments.

102.   As a direct and proximate result of the Defendants' deliberate indifference to the constitutional rights of Plaintiff, Plaintiff has suffered and will continue to suffer actual physical and emotional injuries, permanent disfigurement, pain and suffering, humiliation, embarrassment, and other damages and losses described herein entitling him to compensatory and special damages, in amounts to be determined at trial. Additionally, as a direct and proximate result of the Defendants' unlawful actions and/or omissions, Plaintiff has incurred special damages, including medical expenses and other economic losses, and may continue to incur further medical expenses and special damages in amounts to be determined at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest, and costs as allowable under federal law.

103.   Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. §1983 to redress Defendants' above described, ongoing deliberate indifference in policies, practices, customs, habits, training and supervision, monitoring and discipline, and/or investigation and response to citizen complaints with respect to the rights described herein, which Defendants have no intention of voluntarily correcting despite the obvious need and requests for such correction.

WHEREFORE, Plaintiff prays that this Court enter judgment for the Plaintiff against each of the Defendants herein and grant relief as follows:

A. A declaration that Defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

B. An injunction enjoining Defendants from engaging in conduct to unlawfully seize and arrest individuals in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution;

C. Award Plaintiff compensatory and consequential damages, including damages for permanent disfigurement, emotional distress, humiliation, loss of enjoyment of life, and pain and suffering on all claims allowed by law in an amount to be determined at trial or otherwise;

D. Award Plaintiff economic losses on all claims permitted by law;

E. Award Plaintiff special damages in an amount to be determined at trial or otherwise;

F. Award Plaintiff punitive damages on all claims as permitted by law against individual Defendants and in an amount to be determined at trial or otherwise;

G. Award Plaintiff attorneys' fees and the costs associated with this action, including expert witness fees, as permitted by law pursuant to 42 U.S.C. §§1920 and 1988;

H. Award Plaintiff pre- and post-judgment interest as permitted by law; and

I. Award any and all further relief as this Court deems appropriate and equitable, including injunctive and injunctive and declaratory relief as may be required in the interests of justice.

24

Respectfully submitted this _10th_ day of October 2019.

s/ John Mark Vouga
John Mark Vouga (#11754-64)
Attorney for Plaintiff

s/ Jason M. Denny
Jason M. Denny (#27082-64)
Attorney for Plaintiff

John Mark Vouga (#11754-64)
Jason M. Denny (#27082-64)
VOUGA & BARNES, LLC
6534 American Way
Portage, IN 46368
(219) 763-0754
(219) 763-6529 (fax)
jmvouga@vougalawfirm.com
jdenny@vougalawfirm.com